UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X          Case No.: 22-22071 SHL

In re:

    BRUCE SHERR

       Debtor.

-----------------------------------------------------------X

**EMERGENCY MOTION AND MEMORANDUM FOR EXPEDITED HEARING ON MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL ON AN INTERIM AND FINAL BASIS**

    The Debtor and Debtor-in-Possession, by its attorney Michael A. Koplen, moves this Court on an emergency basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. § 105(a) for an expedited preliminary hearing on the Motion and Memorandum for Authorization to Use Cash Collateral on an Interim and Final Basis Pursuant to 11 U.S.C. §§ 363(c) and(e) (the "Motion") filed this date in which Debtor requests authorization to use cash collateral consisting of rents ("Cash Collateral") generated from the real property Debtor operates in Baltimore, Maryland (the "Property"). Several parties in interest claim a security interest in the Cash Collateral, as more fully described in the Motion. Debtor seeks the use of Cash Collateral for payment of the necessary and appropriate operating expenses of the Property and for payment of other administrative expenses in this case.

1. An expedited hearing is necessary to prevent the disruption of the operation of the Debtor's properties due to the potential for irreparable harm that the estate would otherwise likely suffer by Debtor's inability to pay necessary expenses for the operation

of the rental business, to prevent the loss of future income generated by the continued operation of the Properties and forth protection and preservation of the assets of the bankruptcy case.

2. Debtor's need for the use of Cash Collateral is immediate. Absent authorization for the use of Cash Collateral on an expedited basis, Debtor would be unable to pay the expenses necessary to operate, maintain and protect the property and assets of the estate.

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The matter is a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory bases for the relief requested in this Motion are 11 U.S.C. §§ 105, 361, 363, and 507 and Rules 4001 and 9014 of the Bankruptcy Rules.

4. Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on February 16, 2022.  The Debtor is a Debtor-in-Possession in this case pursuant to §§ 1107(a) and 1108.  There is no committee of general unsecured creditors appointed in this case.

5. Debtor owns and operates the Property or is the guarantor of loans secured by the Property.

6. The acquisition and operation of the Property was funded by loans from secured lenders, set forth in Schedule "D" of the bankruptcy petition filed with this Court.

7. The debtor seeks an order authorizing the use of Cash Collateral, defined generally for the purposes of this motion as any rents and proceeds thereof now or hereafter in the

possession of the Debtor subject to the provisions of the terms of this Motion. The proposed use of Cash Collateral includes using income from the Property to pay the necessary and appropriate operating expenses of the Property and the administrative expenses of this case. The expenses Debtor proposes to pay from the Cash Collateral are necessary and important for the continued operation of the Property, for the protection of the bankruptcy estate, and for the proper administration of the estate.

8. Debtor would use Cash Collateral for maintenance and preservation of the Property and other related assets and the payment of expenditures including wages, utilities, ordinary repairs and maintenance, insurance, license fees, necessary taxes and assessments related to the Property, advertising expenses, management fees, payroll and other taxes, computer processing charges, payments of premiums and other expenses essential to maintain and operate the Property. Debtor also would use Cash Collateral to pay the regular monthly payments on the secured claims of the lenders and adequate protection payments on the secured claims as necessary. Debtor would also use the Cash Collateral to pay administrative expenses comprised of quarterly fees due to the U.S. Trustee without need for further authorization. Debtor also proposes to use Cash Collateral to pay other administrative expenses; however, it proposes to pay certain administrative expenses such as professional fees only after approval by the Court of each such administrative expense.

9. The Property cannot continue operating and it would cease to generate new Cash Collateral unless these expenses are paid. In addition, failure to pay the expenses would result in the breach of tenant leases incurring liability to the tenants and loss of rental

income.  By continuing the operation of the Property, Debtor is informed and believes that it will be able to generate income, and as a result the Property will continue to maintain itself as a going concern.

10. Bankruptcy Code 4001(b) requires a final hearing on a motion for authorization to use Cash Collateral to be held on no less than 14 days' notice.  The Rule permits the Court to conduct a preliminary hearing, before the expiration of the 14-day notice period, to consider authorizing the Debtor to use that amount of Cash Collateral as is necessary to avoid immediate and irreparable harm to the estate pending the final hearing.

11. The use of Cash Collateral shall fund the Debtor's ordinary course of business operations.  Debtor possesses some prepetition Cash Collateral which consisted of rental steam income in a business account at          Bank.  Most of Debtor's income and future Cash Collateral will come from the operation from the Property and will be realized only by Debtor's continued operation of the Property.  Hence it is axiomatic that the payment of the operating expenses of the Property is necessary for the income to be created.  The use of Cash Collateral as proposed herein will not diminish any secured creditor's interest in its Collateral; rather the use of Cash Collateral should enable Debtor to generate income which can be used to protect the estate and pay the costs of this case.

12. As debtor-in-possession, other than the right of compensation,  Debtor has the rights and powers of a trustee under the Bankruptcy Code § 1107(a).  The Debtor-in-Possession may operate a business pursuant to § 1108.  The Debtor-in-Possession may enter into transactions in the ordinary course of business and use property in the

ordinary course of business unless the Court orders otherwise.  The right to use Cash Collateral is authorized by § 363(c) (2), which provides that Cash Collateral may be used if each entity that has an interest in such Cash Collateral consents, or if the Court authorizes such use after notice and hearing.

**WHEREFORE**, Debtor respectfully requests that the Court make an order which authorizes the Debtor to use Cash Collateral pursuant to §§ 363(c), 363€ and Rule 4001(b), and to grant such further relief which to the Court is just and proper.

Dated:  New City, New York
        March 22, 2022

                                               s/<u>Michael A. Koplen</u>
                                               Attorney for Debtor
                                               14 South Main Street
                                               New City, New York 10956

To:  Creditors,
United States Trustee